**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHARIF RANGREJ,

          Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

          Defendant-Appellee.

No. 16-35151

D.C. No.
1:14-cv-00287-EJL-CWD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted March 19, 2018 [**]

Before:    FARRIS, CANBY, and LEAVY, Circuit Judges

      Sharif Rangrej appeals pro se the district court's decision affirming the

Commissioner of Social Security's denial of Rangrej's application for

supplemental security income under Title XVI of the Social Security Act. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brown-Hunter v. Colvin*,

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided
by Ninth Circuit Rule 36-3.

   [**]  The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

806 F.3d 487, 492 (9th Cir. 2015), and we affirm.

The Administrative Law Judge (ALJ) properly determined that Rangrej's degenerative disc disease and speech impediment were severe impairments at step two because they caused more than a minimal effect on his ability to work, and the ALJ properly continued to subsequent steps in the evaluation process. *See Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005). The ALJ considered Rangrej's chronic low back pain resulting from his degenerative disc disease in subsequent steps of the evaluation, and did not err by failing to conclude that chronic low back pain was a severe impairment at step two. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (explaining that symptoms alone cannot support a finding of an impairment).

Substantial evidence supports the ALJ's conclusion that the objective medical evidence showing only mild degenerative disc disease supported a conclusion of no more than moderate functional limitations. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (explaining that this Court must defer to the ALJ's reasonable interpretation of the evidence). The ALJ properly considered all medical records during the relevant period that were significant and probative of Rangrej's functional limitations. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (explaining that the ALJ is not required to discuss evidence that is neither significant nor probative).

The ALJ properly rejected Dr. Baldridge's March 2011 opinion because it predated the relevant period and relied on Rangrej's self-reports. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ may properly reject a treating physician opinion that is based to a large extent on a claimant's self-reports); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (explaining that medical opinions predating the current period are of limited relevance). The ALJ properly gave limited weight to Mr. Billing's opinion regarding limitations in standing and walking based on inconsistencies with the medical record and its reliance on Rangrej's self-reports. *See Ghanim*, 763 F.3d at 1161-62. The ALJ properly gave substantial weight to Dr. Baldridge's July 2012 opinion, Dr. Crites's opinion, and Dr. Vestal's opinion because they were consistent with the medical evidence.

The ALJ provided several clear and convincing reasons to conclude that Rangrej's testimony was not credible. First, Rangrej's testimony regarding the severity of his functional limitations was inconsistent with objective medical evidence showing only minimal degenerative changes in his lumbar spine. *See Molina*, 674 F.3d at 1113 (including inconsistency with objective medical evidence in reasons that the ALJ may properly rely upon to discredit claimant testimony). Second, Rangrej's testimony regarding the intensity of his pain was inconsistent with objective medical records showing no acute distress despite complaints of

severe pain. *See Molina*, 674 F.3d at 1113. Third, the medical evidence showed that Rangrej was not receptive to recommended physical therapy and pain management therapy, and Rangrej declined to meet with pain management specialists. *See Molina*, 674 F.3d at 1113-14 (explaining that the ALJ reasonably concluded that the claimant's explanation for failure to comply with prescribed treatment was not believable based on substantial evidence in the record).

The ALJ properly included all limitations supported by and consistent with substantial evidence in the residual functional capacity assessment and in the hypothetical to the VE. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174-76 (9th Cir. 2008).

Rangrej's additional contentions are not supported by the record.

**AFFIRMED.**